Marcie E. Schaap #4660
Joseph D. Amadon #16386
Marcie E. Schaap, Attorney at Law, P.C.
4760 S. Highland Drive   #333
Salt Lake City, Utah 84117
Telephone:     (801) 201-1642
Facsimile:      (801) 666-7749
E-mail:
marcie@marcieeschaap.com
joe@marcieeschaap.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| E.P., | ) |
| | ) **COMPLAINT** |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-00028-TS |
| | ) |
| CHICAGO WHITE SOX LTD, | ) Judge Ted Stewart |
| CHICAGO WHITE SOX BENEFIT | ) |
| PLAN, and BLUE CROSS AND BLUE | ) |
| SHIELD OF ILLINOIS, | ) |
| | ) |
| Defendants. | ) |

Plaintiff, through its undersigned counsel, complains and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, E.P., was treated at IHC HEALTH SERVICES, INC. ("IHC"), dba INTERMOUNTAIN MEDICAL CENTER ("IMC" or the "Hospital"), in Salt Lake City, Utah, from August 1, 2019, to August 2, 2019 (the "Dates of Service").

2. E.P. may be referred to herein as "Plaintiff."

3. CHICAGO WHITE SOX LTD ("CWS" herein) is a foreign entity.

4. CWS sponsored the CHICAGO WHITE SOX BENEFIT PLAN (the "Plan" herein), of which Plaintiff is a beneficiary and participant.

5. BLUE CROSS AND BLUE SHIELD OF ILLINOIS ("BXBS IL" herein) is a foreign entity.

6. CWS is the Plan Sponsor for the Plan.

7. CWS is the Plan Administrator for the Plan.

8. CWS contracted with BXBS IL to act as Claims Administrator for the Plan.

9. BXBS IL is an agent of CWS in administering the Plan.

10. E.P. was, at all times relevant hereto, a resident of the State of Utah.

11. E.P. signed an Assignment of Benefits ("AOB") in favor of the Hospital for the claim which is in dispute herein.

12. The AOB authorizes Plaintiff to appeal, negotiate, or otherwise pursue payment of any benefits from the Plan for the Dates of Service.

13. The AOB designated the Plaintiff as an authorized member representative to appeal all denied claims.

14. Pursuant to the AOB, the Hospital "stands in the shoes" of E.P. as a beneficiary of the Plan.

15. This is an action brought under ERISA. This Court has jurisdiction in this matter under 29 U.S.C. § 1132(e)(1). Venue is appropriate under 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(c) because the communications during the administrative appeal process took place between the Plaintiff and the Defendants in the State of Utah, and the breaches of ERISA and the Plan occurred in the State of Utah. Additionally, ERISA provides in 28 U.S.C. §

1391(c)(3) that "a defendant not resident in the United States may be sued in any judicial district." Moreover, based on ERISA's nationwide service of process provision and 28 U.S.C. § 1391, jurisdiction and venue are appropriate in the District of Utah.

16. The remedies Plaintiff seeks under the terms of ERISA are for the benefits due under 29 U.S.C. § 1132(a)(1)(B), for penalties pursuant to 29 U.S.C. § 1132(a)(1)(c), for interest and attorneys' fees under 29 U.S.C. § 1132(g), and for other appropriate equitable relief under 29 U.S.C. § 1132(a)(3).

**FACTUAL BACKGROUND**

**A. Medical Treatment**

17. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

18. Plaintiff was admitted to the Hospital on August 1, 2019.

19. At the time of treatment, Plaintiff was a 64-year-old male with a history of hyperlipidemia and smoking who recently suffered a presyncopal event. His initial evaluation was notable for sinus bradycardia as well as ST-segment depression on a treadmill EKG. the patient presented to the Hospital and underwent cardiac catheterization by Dr. Ed Miner and received a drug-eluting stent to his midLAD. Overnight on telemetry heart rhythm sinus bradycardia with heart rates in the 40s to 50s. Patient had appropriate acceleration with heart rate with exertion. Patient denied chest pain or pressure. His blood pressure has been

3

    mildly elevated last one 142/66. Overall labs unremarkable, total cholesterol 172, HDL 38, LDL 88 and triglycerides 229.

20. Plaintiff received Left heart catheterization: 75% stenosis in the LAD status post Drug-eluting stent to mid LAD. Nonobstructive disease 50% in the circumflex artery, RCA 30% and PDA 50%.

21. Plaintiff was discharged on August 2, 2019.

22. As demonstrated in the medical record, this surgical procedure with subsequent postoperative care was medically necessary to assess, evaluate, and treat Plaintiff's coronary artery disease, hyperlipidemia, and borderline hypertension. All care was provided in accordance with current medical guidelines under the direction of the treating physicians as indicated by clinical findings and ongoing assessments and tailored to Plaintiff's unique health care needs.

23. The treatment received by the Plaintiff at the Hospital on the Dates of Service was emergent.

24. The Hospital's billed charges for the treatment it rendered to Plaintiff at the Hospital were $38,374.15 ("Billed Charges").

### B. Claims and Claim Processing

25. The Hospital submitted a claim to the Defendants and/or their agents in a timely manner for Plaintiff's Billed Charges.

26. The Defendants paid $8,954.02 to the Hospital for this claim (or 23% of Billed Charges).

27. The Defendants should have paid in-network benefits for Plaintiff's treatment.

28. The Defendants and/or their agents denied a significant portion of Plaintiff's claim because Defendants asserted the treatment provided exceeded usual, customary and reasonable fee rates.

29. Usual, customary and reasonable claim denials or benefit reductions are improper for emergent treatment and in-network claims.

30. Plaintiff and/or the Hospital have made timely appeals to Defendants and/or their agent, however Defendants denied these appeals.

31. Plaintiff has exhausted his administrative remedies under the Plan.

32. The Defendants have provided no supporting evidence to deny Plaintiff's claim.

33. Several attempts to resolve the matter have ensued, but the Defendants continue to deny the balance of this claim.

34. The parties have also communicated many times by phone, as set forth in the electronic and written records kept by the Plaintiff and the Hospital of the communications they have had with the Defendants during the appeal process.

35. Plaintiff's litigation counsel, Ms. Marcie E. Schaap, sent a final appeal letter to the Defendants and/or their agent on May 26, 2021.

36. A copy of the Plaintiff's and Hospital's communication records was sent to the Defendants and/or their agents prior to this litigation being filed.

37. The Defendants have not paid the outstanding balance due to the Plaintiff for the treatment the Hospital rendered to E.P.

38. A balance of $29,420.13, plus interest, remains due to the Plaintiff from the Defendants for the treatment the Hospital rendered to E.P.

## FIRST CAUSE OF ACTION
(Recovery of Plan Benefits Under 29 U.S.C. §1132(a)(1)(B))

39. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully stated herein.

40. The Plaintiff has submitted all proof necessary to the Defendants to support his claim for payment.

41. The Defendants have failed to provide evidence to the Plaintiff to support its basis for denial.

42. The Defendants have not fully reviewed or investigated all information sent to it by the Plaintiff and/or the Hospital, or available to it, which has caused the Defendants to deny a large portion of this claim.

43. The Defendants have failed to bear their burden of proof that an exclusion or requirement in the Plan Document supports its denial of a large portion of the claim for the Plaintiff's treatment.

44. The Defendants failed to offer the Plaintiff a "full and fair review" as required by ERISA.

45. The Defendants failed to offer the Plaintiff "higher than marketplace quality standards," as required by ERISA. MetLife v. Glenn, 554 U.S. 105, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008).

46. The actions of the Defendants and/or their agents, as outlined above, are a violation of ERISA, a breach of fiduciary duty, and a breach of the terms and provisions of the Plan.

47. The actions of the Defendants and/or their agents have caused damage to the Plaintiff in the form of a denial of ERISA medical benefits.

48. The Defendants are responsible to pay the balance of the claim for Plaintiff's medical expenses, and to pay Plaintiff's attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), plus pre- and post-judgment interest to the date of payment of the unpaid benefits.

## SECOND CAUSE OF ACTION
(Breach of Fiduciary Duties Under 29 U.S.C. §§1104, 1109, and 1132(a)(2) and (3))

49. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

50. Defendants have breached their fiduciary duties under ERISA in the following ways:

    A.  Defendants have failed to discharge its duties with respect to the Plan:

        1.  Solely in the interest of the participants and beneficiaries of the Plan and

        2.  For the exclusive purpose of:

            a.  Providing benefits to participants and their beneficiaries; and

            b.  Defraying reasonable expenses of administering the Plan.

        3.  With the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

        4.  By failing to fully investigate the Plaintiff's claims.

        5.  By failing to fully respond to the Plaintiff's appeals and requests for information in a timely manner.

        6.  And in other ways to be determined as additional facts are discovered.

51. The actions of the Defendants in breaching their fiduciary duties under ERISA have caused damage to the Plaintiff in the form of denied medical benefits.

52. In addition, as a consequence of the breach of fiduciary duties of the Defendants, the Plaintiff has been required to obtain legal counsel and file this action.

53. Pursuant to ERISA and to the U.S. Supreme Court's ruling in <u>IMS Corp. v. Amara</u>, 131 S. Ct. 1866, 179 L.Ed. 2d 843 (2011), the Plaintiff's "make-whole relief" constitutes "appropriate equitable relief" under Section 1132(a)(3).

54. Therefore, the Plaintiff is entitled to payment of the medical expenses it incurred in treating B.T., as well as an award of interest, attorney's fees and costs incurred in bringing this action pursuant to the provisions of 29 U.S.C. §1132(g).

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For judgment on Plaintiff's First Cause of Action in favor of the Plaintiff and against the Defendants pursuant to 29 U.S.C. §1132(a)(1)(B), for unpaid medical benefits in the amount of $29,420.13, for attorneys' fees and costs incurred pursuant to 29 U.S.C. §1132(g), and for an award of pre- and post-judgment interest to the date of the payment of the interest claimed.

2. For judgment on Plaintiff's Second Cause of Action in favor of the Plaintiff and against the Defendants pursuant to 29 U.S.C. 29 U.S.C. §§1104, 1109, and 1132(a)(2) and (3)), for breach of fiduciary duty and equitable damages in the form of unpaid medical benefits in the amount of $29,420.13, for attorneys' fees and costs incurred pursuant to 29 U.S.C.

§1132(g), and for an award of pre- and post-judgment interest to the date of the payment of the interest claimed.

3. For such other equitable relief under 29 U.S.C. §1132(a)(3) as the Court deems appropriate.

DATED this 24th day of February, 2022.

                              MARCIE E. SCHAAP, ATTORNEY AT LAW

                              By: /s/ Marcie E. Schaap
                                       Attorney for Plaintiff